Ralph vs. The Chicago & Northwestern Railway Company.

---

RALPH vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

| 32 | 177 |
|----|-----|
| 90 | 71 |
| 32 | 177 |
| 91 | 369 |
| 32 | 177 |
| 95 | 25 |
| 32 | 177 |
| 106 | 617 |

(1) *Chattel lost by carrier; whether vendor or vendee has the right of action.*
(2) *Evidence.*

1. Where the purchaser of a chattel (being dissatisfied with it) reshipped it to the vendor, and afterwards, the chattel not having come to the vendor's hands, paid him therefor:  *Held*, that the right of action against the carrier for its loss was in such purchaser.
2. It is clear from the evidence that plaintiff sent the chattel in question by one T. to be delivered to the defendant carrier; and that, if so delivered, it was shortly after stolen from defendant's freight room, and never shipped to the vendor.   T. testifies that he took the prop-

erty to defendant's depot, and, not finding the station agent, was directed by Miss B., telegraph operator, to deposit it in the freight office, of which she had charge in the agent's absence. Miss B. testified that T. did not bring said property to her office and call attention to it: that she never had any conversation with him about it, or accepted it from him for the company; and that she does not remember to have ever seen him in the office. Both witnesses being credible, *held*, that the testimony of T., being to positive recollection, must be regarded as outweighing that of Miss B., which, though positive in form, is in effect merely to the absence of recollection.

APPEAL from the Circuit Court for *Jefferson* County.

This action was brought to recover the value of a quantity of rope which the plaintiff alleges he delivered to the defendant for shipment to Chicago. The answer is a general denial. The justice rendered judgment for the plaintiff for the value of the rope, and the defendant appealed to the circuit court. The action was tried by the latter court, without a jury, upon the testimony taken before the justice and returned by him. The circuit court found, among other things, that the plaintiff did not deliver the rope to the defendant, and gave judgment for the defendant. The plaintiff appeals.

One objection made on the trial and argued in this court, was, that the plaintiff cannot maintain the action. The evidence relating to this point is, that the plaintiff ordered the rope in Chicago, and it was sent to him, but on receipt of it he was dissatisfied with it, and, as he claims, delivered it to the defendant to be reshipped to to the vendors at Chicago. After the alleged loss of the rope, and before this action was commenced, the plaintiff paid for the same. Upon this point it is understood that the circuit court found for the plaintiff.

On the question as to whether the rope was delivered to the defendant, the plaintiff testified that he was in trade in the village of Fort Atkinson; that on or about November 10, 1870, he sent the rope in controversy, with two tags or labels attached to it directed to the house from which he ordered it at

Chicago, to the depot of the defendant in Fort Atkinson, by C. M. Todd, a young man employed by him. The circuit court found that the plaintiff delivered the rope to Todd to be taken by him to the depot.

C. M. Todd testified that he took the rope to the depot, and, not finding the station agent, he applied to Miss Brown, the telegraph operator there, for directions, and she directed him to place it in the freight room, which he accordingly did. It appears that Miss Brown had charge of the freight office in the absence of the agent.

Miss Brown testified as follows: "Mr. Todd did not, in November, bring to the office and call my attention to a coil of rope. Never had any conversation with him about a coil of rope to be shipped to Chicago. Never accepted a coil of rope from him for the company, to be shipped to Chicago. Do not remember to have ever seen him there in the office. * * * Am very sure that I never received the rope from any one to ship to Chicago."

Geo. A. Pratt, the station agent, testified that he was on duty at the depot during the whole of November, except that he was occasionally absent therefrom for half an hour to an hour at a time; that the freight book kept at the depot does not show that the rope was ever delivered there; that he was through the freight house many times each day during that month; that he did not see the rope; and that it was never delivered at the depot to his knowledge.

The conductor of the way freight train upon which freight from Fort Atkinson to Chicago is shipped, testified that he was such conductor during November and December, 1870, and that, during those months, "there was not, and since that time has not been, a coil of rope put on his train at said station at Fort Atkinson, that was not properly billed by said agent at Fort Atkinson."

The freight agent of the defendant at Chicago for the division of its railway which passes through Fort Atkinson, testi-

Ralph vs. The Chicago & Northwestern Railway Company.

fied that since November 10, 1870, the rope in controversy had not been transported by said defendant over his division of its railway to Chicago, and that no way bill thereof had been received by the defendant at Chicago.

The foregoing is the substance of the testimony relative to the questions decided by this court.

*L. B. Caswell,* for appellant, contended that the rope became plaintiff's property as soon as received and taken to his store. In returning it he assumed control over it, and became liable for it. Even if any doubt existed as to plaintiff's ownership, such doubt was removed by his paying for the rope. By the act of payment he ratified and accepted the shipment. Voorhies' Code, 96, 97; 1 Selden, 337.

*A. A. Jackson,* for respondent, argued that the plaintiff had no title to the rope at the time of the alleged loss, and therefore sustained no injury and had no right of action. *Congar v. G. & C. U. R. R.,* 17 Wis., 477, 486; *M. I. & P. R. Co. v. Whitesel,* 11 Ind., 55; *Price v. Powell,* 3 N. Y., 322; *Everett v. Saltus,* 15 Wend., 474; *Coats v. Chaplin,* 3 Ad. & El. (N. S.), 483; Angell on Carriers, §§ 491, 495–497. The title to the rope was in the Chicago firm who shipped it to the plaintiff, and a recovery in this action would not bar a recovery by them. Angell on Carriers, § 495; *Coats v. Chaplin, supra.*

LYON, J.    I. Even though it be conceded that the plaintiff was not the owner of the rope in question at the time of the alleged delivery thereof to the defendant, still we think that, under the circumstances of the case, when the plaintiff paid for the rope he became the owner thereof, and of the alleged cause of action for the loss of it. Had the action been brought by the vendors, the Chicago firm, after such payment was made, proof of the payment would doubtless defeat such action. If the plaintiff cannot recover in this action, then no person can recover for the loss of the rope.

II. As to the question of delivery. On the one hand it is

clearly proved that the plaintiff sent the witness Todd to the depot with the rope, for the purpose of shipping it to Chicago. On the other hand it satisfactorily appears that if Todd placed the rope in the freight room of the depot it remained there but a short time, and must have been taken therefrom without the knowledge of the agents or employees of the defendant. The only disputed question of fact is, Did the witness Todd place the rope in the freight room by direction of Miss Brown? On this question we get but little aid from the surrounding circumstances. Some of these tend to support the theory that such delivery was made, while others tend, in about an equal degree, to support the opposite theory. Both theories seem · equally reasonable. The rope might have been taken from the plaintiff's store by the witness Todd for the purpose of delivering it at the depot for shipment, and still have never been delivered. Or it might have been delivered, and yet never shipped to Chicago, and never seen by the station agent. It may have been stolen from the freight room before the return of the agent to the depot.

Hence, this disputed question of fact must be determined upon the testimony of the only two witnesses who testify directly in relation to it — the witness Todd and Miss Brown. Both appear to be credible witnesses; there is nothing in their testimony which casts discredit upon either. We must believe that they both testified to the facts as they recollected them.

Unless the testimony of Todd outweighs that of Miss Brown, the plaintiff cannot recover, because the *onus probandi* is with him.

The testimony of Todd is affirmative. He swears positively to the affirmative fact that he delivered the rope in the freight room of the depot by direction of Miss Brown. There is but little room in this testimony for failure of memory. He either did so, or he has probably committed perjury. The testimony of Miss Brown, although somewhat positive in form, is negative in effect. It means but little more than that she has no

recollection of the transactions to which Todd testified. In her case there is much more room for failure of recollection. A single question put to her by Todd when she was otherwise, and perhaps intently, engaged about something else, and a brief reply, was the whole of the transaction so far as she was concerned. It is not strange if it made no impression upon her mind, but passed at once from her recollection.

The rule of law is, that the positive testimony of one credible witness to a fact is entitled to more weight than that of several others who testify negatively, or at most to collateral circumstances merely persuasive in their character. 3 Greenl. on Ev., § 375. Applying this rule in the present case, we are impelled to the conclusion that the testimony of Todd outweighs that of Miss Brown, and hence that it was proved on the trial that the rope was delivered to the defendant for shipment to Chicago, as alleged in the complaint.

It follows from the foregoing views that the judgment of the circuit court must be reversed, and a *venire de novo* awarded.

*By the Court.*— So ordered.