Joannes and another vs. Millerd.

JOANNES and another, Appellants, vs. MILLERD, Respondent.

*March 8 — April 3, 1895.*

*Instructions to jury: Evidence: Negative testimony: Copy of letter.*

1. It is not error to refuse to give an instruction which, though stating correctly an abstract rule of law, is not applicable to the case.
2. One witness having testified that at a certain time defendant, who had purchased his son's business, assumed and promised to pay the son's debt to plaintiffs, and the defendant and two other witnesses who were present at the time having denied that any such agreement was made, an instruction that where there is evidence both of an affirmative and negative character the affirmative evidence is entitled to the greater weight, was inapplicable and was properly refused.

3. In such case a copy of a letter purporting to have been written by plaintiffs to defendant, alluding to some change in the relation of the parties which was not specified, was properly excluded because not the original, because the original was not shown to have been mailed to or received by defendant, and because immaterial.

APPEAL from a judgment of the circuit court for Waupaca county: CHARLES M. WEBB, Circuit Judge. *Affirmed.*

One Charles P. Millerd, a retail grocer, was indebted to the plaintiffs. He sold his business to the defendant, who was his father. The defendant paid a part of his indebtedness to the plaintiffs and refused to pay more. The plaintiffs claim that there was a mutual agreement of all the parties, whereby the defendant was substituted as their debtor in the place of Charles P. Millerd, and that he is now indebted to them, by reason of such substitution, for the balance of their claim against Charles P. Millerd. That is the question which was tried.

One witness, an agent of the plaintiffs, who claimed to have made the contract on their behalf, testified positively to the making of the agreement for substitution. The defendant, his son, and his brother, who were present at the time when such agreement is stated to have been made, deny with equal positiveness that such an agreement was made. The plaintiffs asked several special instructions to the effect that when there is evidence both of an affirmative and a negative character the affirmative evidence is entitled to the greater weight. The court refused to give these instructions in the form proposed, and did not give their equivalent in his general charge. This is the principal error claimed.

There was verdict and judgment for the defendant, from which this appeal is taken.

*Gerrit T. Thorn,* for the appellants, contended, *inter alia,* that " the positive testimony of one credible witness to a fact is entitled to more weight than that of several others who testify negatively, or, at most, to collateral circumstances,

merely persuasive in their character, from which a negative may be inferred." 3 Greenl. Ev. § 375; *Ralph v. C. & N. W. R. Co.* 32 Wis. 177; *Pennoyer v. Allen*, 56 id. 502; *Cook v. Racine*, 49 id. 243; *Bierbach v. Goodyear R. Co.* 54 id. 208; *Bohan v. M., L. S. & W. R. Co.* 61 id. 219; *Draper v. Baker*, 61 id. 450; *Hinton v. Cream City R. Co.* 65 id. 323; *Auditor Gen. v. Hill*, 97 Mich. 80; *Railsback v. Patton*, 34 Neb. 490; *Stitt v. Huidekopers*, 17 Wall. 384; *Culhane v. N. Y. C. & H. R. R. Co.* 60 N. Y. 133; *Frantz v. Lenhart*, 56 Pa. St. 365; *Pool v. Devers*, 30 Ala. 672; *McKeever v. N. Y. C. & H. R. R. Co.* 88 N. Y. 667.

For the respondent there was a brief by *Goldberg & Hoxie*, and oral argument by *Benj. M. Goldberg* and *George Hoxie*.

NEWMAN, J.   There is no complaint of the charge of the circuit judge.   It seems to have submitted all the questions involved, fairly and clearly.   Unless the plaintiffs were entitled to have their requested special instructions given, in addition to the general charge, it is without fault.   No doubt the requested instructions state a correct principle of law which should be given, when requested, in a case to which it is applicable.   But it is seldom error to refuse to give an instruction which is only a statement of an abstract rule of law. *Berg v. C., M. & St. P. R. Co.* 50 Wis. 419.   Unless the instruction is so drawn as to be applicable to the case on trial, it might be error to give it.   *Ibid.*

It is correct, as a general proposition, that when there is evidence both of an affirmative and a negative character the affirmative evidence is entitled to the greater weight.   The rule is stated more guardedly in 3 Greenl. Ev. § 375, in this way: " The positive testimony of one credible witness to a fact is entitled to more weight than that of several others who testify negatively, or, at most, to collateral circumstances merely persuasive in their character."   The last

clause of the sentence quoted is suggestive of a limitation of the rule; for, paradoxical as it may seem, testimony which is negative in form may be really affirmative in essence and effect, within the real meaning and purpose of the rule. To illustrate: The question is, "Did the bell ring?" One credible witness testifies, "I heard the bell ring." Several others, equally credible witnesses, testify, "I did not hear the bell ring." The testimony of the one witness who heard the bell ring outweighs the testimony of those who simply did not hear it ring. But if one testifies: "I was at the place. I listened for the ringing of the bell. It did not ring," — this is not negative testimony within the meaning of the rule. On no sufficient reason can it be said that the testimony of the one should be entitled, as matter of strict rule, to more weight than the other.

So, in the instant case, one witness alone for the appellants testifies that the respondent assumed and promised to pay the debt of Charles P. Millerd to the appellants. The respondent and his witnesses deny that he assumed the debt or made the promise. All were present. All were interested. All gave attention to the matter in hand. All are intelligent witnesses. To hold that the law requires more weight to be given to the testimony of the one than to the others, by reason alone of the form of their testimony, is entirely to misapprehend and misapply the. rule. By adhering too closely to the letter of the rule one may easily miss its spirit and purpose. *Qui hæret in litera hæret in cortice.* Circumstances like those indicated have much to do with the question whether the rule is applicable to the particular case in which it is sought to be applied. This has been repeatedly recognized by this court. *Ralph v. C. & N. W. R. Co.* 32 Wis. 177; *Sobey v. Thomas,* 39 Wis. 317; *Urbanek v. C., M. & St. P. R. Co.* 47 Wis. 59; *Berg v. C., M. & St. P. R. Co.* 50 Wis. 419.

It is easy to see that the rule, applied as claimed by ap-

pellants, must often produce absurd results. It would many times render a meritorious and well-presented defense hopelessly ineffectual against an unscrupulous prosecution. Take the case — a not unfrequent one — where the parties are the only witnesses. The plaintiff affirms. The defendant denies. The rule of the law is that affirmative testimony outweighs negative testimony. There is no help for it. Verdict must be directed for the plaintiff. The defendant is in little better case when corroborated by witnesses who can only say, as often happens, that what the plaintiff or his witness says did happen or was agreed to did not happen or was not agreed to. Only a misapplication of the rule could produce absurd results.

The instructions as requested were not applicable to the case. It was not error to refuse them.

A copy of a letter purporting to have been written by the appellants to the respondent, in which there was some allusion to some change which had occurred in the relations of the parties, which was not specified, nor any mention made of a promise made by the respondent to pay the debt of Charles P. Millerd, was offered by the appellants, and excluded, apparently on the grounds that it was not the original letter, that it was not shown that the original had been either mailed to or received by the respondent, and that it was incompetent and immaterial. The reasons for its exclusion were sufficient. It proved nothing if received.

*By the Court.*— The judgment of the circuit court is affirmed.