Wickham vs. The Chicago & Northwestern R. Co.

WICKHAM, Administrator, Appellant, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*December 18, 1896 — January 12, 1897.*

*Railroads: Killing of child on track: Signals: Negative testimony: Unlawful speed: Lookout: Fencing right of way: Proximate cause: Court and jury: Evidence.*

1. Where four witnesses have testified positively to the giving of customary signals by a locomotive, the testimony of two witnesses who were where they could have heard the signals, that they heard none but gave the matter no attention, was insufficient to require the submission to the jury of the question whether signals were given.

2. In an action against a railroad company for the killing of a boy nine years old who had attempted to cross defendant's tracks at a point much used by pedestrians, it appeared that there were three tracks at the place of the accident with a space of about nine feet between them; that the boy was seen standing between the rails of the easterly track waiting for the passing of a freight train going south on the middle track; that immediately after the caboose had passed he started to run west across the other tracks and was struck and killed by the engine of a passenger train going north on the west track at a speed of about ten miles per hour. The engineer testified that he was keeping lookout ahead of his train but did not see the boy. *Held,* that the failure to see the boy was not inconsistent with the fact of a proper lookout.

3. The rate of speed of trains in a city being limited by ch. 467, Laws of 1891, to fifteen miles per hour, a less rate of speed cannot become unlawful unless by reason of some peculiar danger of the situation.

4. The primary purpose of fencing the right of way of a railroad, as required by sec. 1810, R. S., is to prevent animals, not persons, from coming upon the track; but if it were otherwise, the company would not be liable, by reason of the failure to fence, for the killing of a person by a passing locomotive, unless it appeared affirmatively that such person came upon the right of way at a point where it was not fenced.

[5. Whether it is the duty of a railroad company to fence its right of way within the limits of a city, where danger from domestic animals upon the track would be comparatively small and the fencing of the road might inconvenience public traffic, not determined.]

Wickham vs. The Chicago & Northwestern R. Co.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge.' *Affirmed.*

This is an action to recover for the death of the plaintiff's decedent, James M. Spencer, a boy between nine and ten years old. He was struck and instantly killed by the defendant's passenger train. It was within the city of Milwaukee, and near the defendant's passenger station of Bay View. It was also near the point where the defendant's tracks cross Potter avenue. The tracks are here unfenced. The public had been accustomed to use the defendant's roadbed for passing and repassing between Potter avenue and the first street to the north, and the Bay View station, a distance of about 800 feet. There were three tracks at this place, about nine feet apart, with the space between smooth and convenient to pedestrians. At the time of the accident, a freight train of thirty cars and a caboose was passing to the south across Potter avenue. The crossing gates were down. The deceased was seen, at that time, standing between the rails of the most easterly track, and about forty feet north of Potter avenue. As soon as the caboose had passed, he was seen to start and run in a direction to cross the tracks. On the westerly track he was struck and killed by the engine of a passenger train coming from the south. After the evidence on both sides was all in, the court directed a verdict for the defendant. From a judgment on that verdict the plaintiff appeals.

For the appellant there was a brief signed by *Elliott, Hickox & Groth,* and oral argument by *E. S. Elliott* and *C. T. Hickox.*

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. C. Winkler.*

NEWMAN, J. It is urged for the appellant that the evidence produced on his behalf was sufficient to require the

submission of the case to the jury. It is claimed that the evidence sufficiently establishes the negligence of the defendant in four several particulars: (1) It failed to give the customary signals of the approach of its passenger train; (2) the employees on the train failed to keep a proper lookout; (3) the train was run at an unusual and dangerous rate of speed; and (4) the road was unfenced. It must be conceded that, if there was evidence sufficient to support a verdict for the plaintiff on either of such grounds of negligence, the case should not have been taken from the jury. The settled rule is that a verdict for the defendant should not be directed unless the evidence is practically undisputed and all one way, so that, by giving it the construction most favorable to the plaintiff which it will reasonably bear, including all reasonable inferences from it, it is insufficient to support a verdict in favor of the plaintiff. *Jackson v. Jacksonport,* 56 Wis. 310; *Radmann v. C., M. & St. P. R. Co.* 78 Wis. 22; *Kruse v. C., M. & St. P. R. Co.* 82 Wis. 568.

1. Did the train give the customary signals of its approach? Four witnesses testified affirmatively that the usual signals were given, both by sounding the whistle and ringing the bell. They testify that they heard the signals. On the other hand, two witnesses testify that they heard no signals. They were where they could have heard, but gave the matter no attention. Would this testimony support a verdict for the plaintiff on this question? Apparently, the witnesses are of equal credibility, and had equal opportunity of hearing. In such case the rule applies: " The positive testimony of one credible witness to a fact is entitled to more weight than that of several others who testify negatively, or, at most, to collateral circumstances merely persuasive in their character." 3 Greenl. Ev. § 375; *Ralph v. C. & N. W. R. Co.* 32 Wis. 177; *Pennoyer v. Allen,* 56 Wis. 502; *Draper v. Baker,* 61 Wis. 450; *Hinton v. Cream City R. Co.* 65 Wis. 323; *Joannes v. Millerd,* 90 Wis. 68. Where

the evidence to prove a fact is direct and positive and satisfactory and the evidence to disprove it is purely negative, the positive proof must prevail. *Cook v. Racine*, 49 Wis. 243. The evidence that the signals were given was practically undisputed.

2. Did the employees on the train fail to keep a proper lookout for persons on the track? The engineer of the train testifies that he was keeping a lookout ahead of his train, but that he did not see the boy. His failure to see the boy may, perhaps, be explained, consistent with the fact of a proper lookout, by this consideration: that the boy was concealed from his view by the passing freight train until his engine was upon Potter avenue crossing, and only a few feet from the boy, who, from his nearness to the engine, was not then fairly within the field of his vision. The best possible lookout could not have enabled him to discover the boy in time to have stopped his train, or to have materially slackened its speed before it struck him.

3. Was the train running at an unlawful rate of speed? It was estimated by the engineer that it was running at a speed of about ten miles an hour. The rate of speed of trains in cities and villages is limited by law to fifteen miles an hour. Laws of 1891, ch. 467. No doubt a less rate of speed may become unlawful by reason of some peculiar danger of the situation. No such situation is disclosed by the evidence.

4. Did the absence of a fence cause the accident? Of course, the absence of a fence could not be the active, producing cause of the accident. It was merely a condition which possibly rendered the accident more likely to happen. In that sense it might be the cause of the accident. Ordinarily a condition is a remote cause. The absence of a fence might be the proximate cause, in the sense of the law, of an injury to domestic animals, such as are usually restrained by fences. The purpose of the railroad fence, as expressed

in the statute itself, is " to prevent cattle and other domestic animals from going on such railroad." R. S. sec. 1810. Its purpose is not, at least primarily, to prevent persons from going upon the railroad. A fence is a clumsy contrivance for the exclusion of persons. Especially for the exclusion of boys of the age of the plaintiff's decedent, the common railroad fence is ineffective and delusive. Boys climb fences with such ready facility. To exclude them the fence must be both tight and high. While the common fence might serve some useful purpose as a warning, it must be inadequate for the purpose of exclusion. It would seem that, for the purpose of a warning to the deceased, the lowered gates and the passing freight train should have been ample. But if it shall be held that to exclude persons from going upon the track is a purpose of the railroad fence, and that the deceased lacked the discretion which should make him responsible for ordinary care, it would seem that the same rules should be applied as in the case of domestic animals. It must then, at least, appear with reasonable certainty that a fence would have prevented the accident; else the want of a fence cannot be the cause of the accident. So, it is held in the case of domestic animals, that in order to show that the absence of a fence was the cause of the injury it must be made to appear that the animal came upon the track at a point where the company was bound to maintain a fence; and that, if the animal came upon the track from adjoining depot grounds, the company is not liable. *Bennett v. C. & N. W. R. Co.* 19 Wis. 145; *Bremmer v. G. B., S. P. & N. R. Co.* 61 Wis. 114. This case is entirely without evidence to show where the boy came upon the track. He first appears upon the track. Whether he came from the adjoining depot grounds of Bay View station, or from Potter avenue crossing, is uncertain. So, on this theory of the purpose of the railroad fence, the evidence fails to show that the absence of the fence was the cause of the death of the plaint-

iff's decedent.    It is not determined whether the defendant was required to. fence its road at the place of the accident. It was very near to — perhaps included in — reasonable depot grounds.    It was within the limits of a city, where danger from domestic animals upon the track would be comparatively small, and the fencing of the road might be inconvenient to the public traffic.

There were several errors alleged on the exclusion of evidence, but none of them seem to be of sufficient importance to require treatment at length, in the view which has been taken of the case.

*By the Court.*— The judgment of the circuit court is affirmed.