<hr />

SUICK, Respondent, vs. KROM, Appellant.

*March 11—April 6, 1920.*

*Libel and slander: Storekeeper accusing customer of theft: Privilege: Damages: Repetition of slander: Circulation of incident by plaintiff: Evidence: Positive and negative testimony: Credibility of witnesses: Instructions: General exception to instruction good in part: Effect.*

1. The positive testimony of a credible witness as to a particular matter is entitled to greater weight than the negative testimony of an equally credible witness as to the same matter; and an instruction as to positive testimony outweighing negative testimony which did not include the element of equal credibility of the witnesses, was error which requires reversal of the case.

2. An instruction as to positive testimony outweighing negative testimony which did not define what constitutes negative testimony was objectionable.

3. In an action for slander, the testimony of witnesses who testified positively that defendant did not speak the words charged did not constitute negative testimony. Negative testimony relates only to the testimony of a witness who had an opportunity to see an occurrence testified by some other witness

to have taken place, that he did not see it, or of one who had an opportunity to hear or know of an occurrence testified positively by some other witness to have happened, that he did not hear it or recollect it.

4. A single exception to a portion of a charge containing independent propositions, some of which are proper, is too general and will be disregarded on appeal.

5. An instruction which would permit the jury, in determining plaintiff's damages, to consider the fact that the plaintiff herself told a number of her friends of the incident, is erroneous, as the defendant is not responsible for the circulation of the slander by the plaintiff.

6. A storekeeper who, in the presence of others, accused plaintiff of being a thief, is liable for injury to plaintiff's feelings and to her reputation caused by circulation of the charges among her friends and neighbors, not including the damages sustained by reason of plaintiff herself circulating the story.

7. Such accusation was not privileged on the ground that the defamatory words were spoken in defense of defendant's property, even though he was under the impression that plaintiff was in fact stealing his goods, as it was not necessary nor justifiable for him to publicly accuse plaintiff of stealing.

APPEAL from a judgment of the municipal court of Langlade county: T. W. HOGAN, Judge. *Reversed.*

Action for slander, growing out of the following circumstances: Defendant was the proprietor of a department store in the city of Antigo. On the evening of January 4, 1919, the plaintiff, with one Mamie Hayes, went to said store and made some purchases. As she passed out of the store and after she had reached the sidewalk, defendant came to the door and, in the presence and hearing of said Mamie Hayes and, as the complaint alleges, a large number of other people, shouted to the plaintiff in a loud voice, "Do you want to be arrested? Do you want to be arrested?" Whereupon the plaintiff inquired: "For what?" To which the defendant replied: "For stealing that package of silk you have under your arm." The jury returned a general verdict assessing plaintiff's damages at the sum of $625, upon which verdict judgment was rendered in favor of the plaintiff and against the defendant, and the defendant appeals.

For the appellant there was a brief by *Chas. H. Avery* and *Geo. W. Latta,* both of Antigo, and oral argument by *Mr. Avery.*

For the respondent there was a brief by *Henry Hay* of Antigo, and oral argument by *Irvin White* of Madison.

OWEN, J.    The court instructed the jury as follows:

"I further instruct you that if you find that some of the witnesses sworn in this case testified negatively. as to any material facts and circumstances and others testified positively on the same facts and circumstances, the positive testimony will outweigh that of the negative.    The testimony of one witness who has testified positively as to a material fact or circumstance within his or her knowledge will outweigh that of several witnesses who testify negatively as to the same facts and circumstances."

This statement of the rule ignores the element of equal credibility of the witnesses, which is always to be included in an instruction upon this subject.    *Anderson v. Horlick's M. M. Co.* 137 Wis. 569, 119 N. W. 342, and cases cited. The true rule is that the positive testimony of a credible witness as to a particular matter is entitled to greater weight than the negative testimony of an equally credible witness as to the same matter.    The instruction under consideration simply told the jury that any witness who testifies positively to any material fact or circumstance is entitled to more weight than the testimony of any witness who testifies negatively, and left out altogether the consideration of the equal credibility of the witnesses.    For this error the case must be reversed.    Although an exception was not preserved as to the point, we are prompted to say that the instruction is further subject to criticism because it fails to tell the jury what constitutes negative testimony.    In this case some of defendant's witnesses testified positively that he did not speak the words charged.    While such testimony did not constitute negative testimony, the jury might well

have understood that the court referred to all witnesses who testified that the words charged were not spoken. Negative testimony relates only to the testimony of a witness who had an opportunity to see an occurrence testified by some other witness to have taken place, that he did not see it, or of one who had an opportunity to hear or know of an occurrence testified positively by some other witness to have happened, that he did not hear it or recollect it. *Anderson v. Horlick's M. M. Co., supra.* This idea, however, is not necessarily conveyed by the mere term "negative testimony." The jury might well have thought that the testimony of any witness who testified that the words were not spoken constituted negative testimony. Upon another trial, if the jury should be charged in this particular, care should be taken to define the meaning of negative evidence, as indeed should always be done when the jury is charged upon the subject.

The court further charged the jury:

"In considering those actual or compensatory damages you can take into consideration what would be the injury to plaintiff's health, if her health was injured, the way it affected her business, if it did affect her business, the disgrace and injury to her feelings, if said in the presence and hearing of others, as well as to her reputation by having such charges as those made, and in the way they were made, if made at all, and circulated among her relatives, her friends and her neighbors."

This portion of the charge was the subject of an exception by the defendant. It embodied four distinct elements which the jury was authorized to take into consideration in fixing the actual or compensatory damages. The only portion thereof to which appellant objects is that which allows the jury to take into consideration the circulation of the charges among her relatives, friends, and neighbors. It is the rule that a single exception to a portion of a charge containing independent propositions, some of which are proper,

is too general and will be disregarded. *Kersten v. Weichman,* 135 Wis. 1, 5, 114 N. W. 499, and cases there cited. While the exception is too general to entitle appellant to a review of the assigned error, in view of the fact that a new trial must be had we will briefly state our views with reference thereto.

There was evidence in the case that the plaintiff herself told a number of her friends of the incident. The charge as given would permit the jury to give consideration to such circulation. Manifestly, defendant should not be responsible for damages resulting from the circulation of the incident by plaintiff, for which reason the charge was erroneous.

The preponderance of authority supports the proposition that one who utters a slander is not responsible for the unauthorized repetition thereof. *Terwilliger v. Wands,* 17 N. Y. 54; *Hastings v. Stetson,* 130 Mass. 76; *Mills v. Flynn,* 157 Iowa, 477, 137 N. W. 1082. The soundness of the reason supporting this rule is challenged by some judges and text-writers, especially Mr. Sutherland in his work on Damages (3d ed., § 1222), the suggestion being that it is inconsistent with the universal doctrine that a tortfeasor is responsible for the proximate consequences of his acts, and that one who originates and publishes a scandalous story should reasonably anticipate its further circulation. This rule in its full force has not yet been adopted in this state, and we do not consider the question now before us and express no opinion with reference to the soundness thereof. There was no evidence in the case that there was any repetition of the charge that plaintiff stole silk from the store of defendant. It does appear, however, that the incident, that is, that *Abe Krom* accused *Martha Suick* of stealing silk, was the subject of more or less gossip. This the defendant should have anticipated when he made the accusation publicly as he did. He should have foreseen that as a natural and proximate consequence thereof the occurrence would become the subject of talk and gossip. This did not amount to a repetition of the slander, but was a circulation of the

fact that defendant had charged the plaintiff with stealing silk from his store.

In discussing a situation of this kind it was said in *Nott v. Stoddard,* 38 Vt. 25, 29:

"It is insisted by the defendant that if others slandered the plaintiff by repeating the slander, they, and not the defendant, are responsible for such repetition. This is undoubtedly true as to such persons as repeated the accusation under such circumstances as to make themselves liable to an action for such repetition of the slander. . . . The fact that the defendant had made such accusation would almost inevitably gain more or less notoriety in the neighborhood from the publication of the slander by the defendant, and the extent of the injury to the plaintiff would be dependent somewhat upon the degree and extent of this notoriety. The defendant is responsible for the necessary consequences of his wrongful act, and this evidence was admissible as tending to show the extent of such consequences, that is, the extent of the report that the defendant had thus accused the plaintiff."

This appeals to us as sound doctrine, and applicable here. The extent to which the incident was discussed among plaintiff's friends and neighbors contributed to her disgrace, increased the injury to her feelings, and injuriously affected her reputation. We think it was proper for the jury, in determining the amount of damages, to take into consideration the extent to which the fact that the accusation had been made had been circulated among plaintiff's friends and neighbors, excluding of course the circulation for which she was responsible.

Defendant further contends that the defamatory words were privileged, on the ground that they were spoken in defense of his property. This is not entitled to serious consideration. Even though the defendant was under the apprehension that plaintiff was taking silk inadvertently or deliberately from his store, it was not necessary, nor was it justifiable, for him to publicly accuse plaintiff of stealing.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.