DAVIS VS. HENDERSON, Ex'r &c., and another.

*Variance—Reversal of judgment with direction to allow amendment of complaint—Evidence of agency.*

1.  In an action to enforce a vendor's lien for purchase money against a grantee of the purchaser, on the ground that the purchaser was agent for such grantee in making the purchase, there being no proof such agency, judgment for the plaintiff is reversed, although there was some evidence that the grantee took with notice of plaintiff's lien.
2.  The circuit court is however directed to allow, on terms, an amendment of the complaint in accordance with such proof, if applied for at the next term after the cause is remitted; otherwise to dismiss it.
3.  The declarations of an alleged agent, made without the knowledge of the supposed principal, are no evidence of the agency.

APPEAL from the Circuit Court for *Vernon* County.

Action to enforce a vendor's lien on land for the purchase money. The case stated in the complaint is substantially as follows: In May, 1856, the plaintiff, being seized in fee of 209 acres of land, and holding school land certificates for 120 acres of state land adjoining, agreed with *John Henderson*, as the agent of Helen Henderson, to convey said lands to said *John* as such agent, but in his own name, and said *John*, as such agent, purchased the same. By the agreement the plaintiff was to execute a warranty deed of the 209 acres to said *John*, his heirs and assigns, with a bond for a like deed of the 120 acres, to be delivered on or before August 1st, 1856, after obtaining a patent therefor from the state. Said *John*, on his part, acting as the agent of said Helen, agreed to pay down $1731 on the delivery of the first deed and bond, to give his

note for the balance of the purchase money, secured in the first instance by a mortgage on the 209 acres, and to be further secured by a mortgage on the 120 acres after the same was patented and by plaintiff deeded as above described. The plaintiff gave the deed and bond first above mentioned, and *John Henderson*, as the agent of said Helen, made the payment and gave his notes as agreed. The reason why the deed and bond were made to said *John*, and the mortgage made by him, and the business transacted in his sole name, was, that Helen Henderson (who was the mother of said *John*) was not then in the state, and *John* had no written power of attorney from her, duly executed and acknowledged and certified so as to be entitled to record. Very soon afterwards *John Henderson* conveyed the 209 acres to said Helen, subject to plaintiff's mortgage. In September following, the plaintiff, upon the request of the said *John Henderson*, acting as agent as aforesaid, conveyed the 120 acres to him by warranty deed, and said *John* at the same time promised to execute to the plaintiff a mortgage thereon within about one week, but has since neglected and refused eiither to execute such a mortgage or pay the balance of the purchase money; and in 1857 he conveyed the 120 acres to Helen Henderson, with intent to defraud the plaintiff. In 1860, plaintiff foreclosed the mortgage on the 209 acres without making Helen Henderson a defendant, not knowing of the conveyance to her; and the land was struck off to the plaintiff for $135.40 more than the costs and expenses of the sale, leaving due $3,685.37, with interest from the date of said sale in 1861, for which plaintiff claims an equitable lien upon the 120 acres. It is further alleged that *John Henderson* has no property liable to execution; that said Helen in her life time permitted him " to use, control, manage and dispose of all the real and personal property held by her and in her name, as he [might] see fit; also to use her name whenever he [might] choose, in making contracts," &c.; and that in common with him, from the fall of 1856, she occupied the premises, living

upon the avails thereof, "and thereby approving and ratifying the purchase of the same by him as her agent." Prayer, that the plaintiff be adjudged to have an equitable lien on said 220 acres for the balance of the purchase money due him, and that in default of payment said land be sold, &c., and *John Henderson*, as executor of said Helen, adjudged to pay any deficiency ; and for a foreclosure, and for general relief. *John Henderson*, by separate answers for himself individually and as executor of said Helen, denied that he purchased the land or took the deeds as her agent. Other allegations of the answer need not be stated. The court found the facts alleged in the complaint, and rendered judgment for the plaintiff; and the defendant appealed.

*Montgomery, Tyler & Wing*, for appellant.

*Terhune & Graham* and *J. H. Carpenter*, for respondent.

DIXON, C. J. The theory of the complaint is, that the defendant *John Henderson* was the agent of his mother, Helen Henderson, in the purchase of the lands, and that the conveyance to him was, so far as the rights and interests of the plaintiff are concerned, the same as if the lands had been in the first instance conveyed to her. The difficulty about sustaining the judgment of the court below is, that there is absolutely no proof of such agency, nor of any subsequent ratification by Helen Henderson, with knowledge that *John Henderson* assumed to act as her agent. The only proof on the part of the plaintiff tending in the slightest degree to establish such agency consists of parol testimony of *John Henderson's* declarations made at the time of the purchase. It is presumed to be unnecessary to cite authorities to show that such declarations, made in the absence of the supposed principal and without her knowledge, are entirely insufficient to establish the fact of agency. The fact of agency must first be established by other and independent evidence, before the declarations of the agent can in any case be received to charge the principal.

On the other hand, the defendant *John Henderson*, who was examined as a witness in his own behalf, testifies positively that he was not authorized to act, and did not act, as the agent of his mother in the purchase of the lands. His is the only direct and legitimate testimony upon the question.

The action cannot therefore be maintained in its present form. If it can be maintained at all, it must be on the ground that Helen Henderson was a purchaser from the defendant *John* with notice of the lien or equity of the plaintiff. No such issue is presented by the pleadings; but in order that the plaintiff may, if so advised, prosecute in that form, we think that the circuit court should, upon such terms as may be just, allow an amendment of the complaint.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to proceed accordingly; but if no application to amend is made at the next term after the cause is remitted, then the action is to be dismissed with costs.