Shekey vs. Eldredge and others.

SHEKEY, Appellant, vs. ELDREDGE and others, Respondents.

*March 31 — April 17, 1888.*

*(1) Evidence: Number of witnesses. (2) Positive and negative testimony.*
*(3) Appeal: Question of fact: Credibility of witnesses.*

1. The rule that the majority of equally credible witnesses ought to prevail is not recognized in this state.
2. Where one witness testifies that a certain agreement was made and another testifies as positively, and with the same means of knowledge, that it was not made, the rule that positive testimony should prevail over that which is negative does not apply.
3. The question in this case, whether a certain agreement was or was not made, depending mainly upon the credibility of the witnesses, this court declines to disturb the finding of the trial court.

APPEAL from the Circuit Court for *Rock* County.

Action to restrain the collection of a judgment in favor of the defendants *Eldredge* and *Radcliffe*, against Margaret and Owen McDermott, claimed to be a lien upon the plaintiff's homestead, and to have such judgment declared to be void and of no effect. The facts are stated in the opinion. The plaintiff appeals from a judgment in favor of the defendants.

For the appellant there was a brief signed by *Dunwiddie & Goldin*, and oral argument by *B. F. Dunwiddie* and *Geo. W. Bird*. To the point that the affirmative testimony of even one credible witness to a fact is entitled to more weight than that of several who testify negatively, they cited *Ralph v. C. & N. W. R. Co.* 32 Wis. 177; *Cook v. Racine*, 49 id. 243; *Pennoyer v. Allen*, 56 id. 502; *Kelley v. Schupp*, 60 id. 76; *Draper v. Baker*, 61 id. 450; *Bohan v. M., L. S. & W. R. Co.* id. 391; *Hinton v. Cream City R. Co.* 65 id. 323.

*Joseph B. Doe, Jr.*, for the respondents.

ORTON, J. The history cf this case appears to be this: The plaintiff purchased the premises at an administrator's

sale as the property of the estate of Margaret McDermott, deceased, and has improved the same, and now occupies it as his homestead.    In the life-time of said Margaret McDermott, there had been a judgment rendered against her and her husband, Owen McDermott, before a justice of the peace, in favor of the defendants *D. H. Eldredge* and *W. J. Radcliffe*, by default; and the defendants in said judgment had taken certain steps, by giving notice, filing the necessary affidavit, and paying the fees or costs, to appeal the case to the circuit court, but the case had not been transmitted to the circuit court, and it has so remained.    The plaintiffs in said judgment filed a transcript of the same, and docketed it in the circuit court, and issued an execution thereon, and the sheriff had levied the same upon said premises and threatened to sell the same.    The proceedings are sought to be enjoined, and said judgment declared void and of no effect, on the following grounds, as stated in the complaint:    The attorney of the said plaintiffs in the action before the justice agreed with the attorney of said Margaret McDermott, who had taken such steps to take an appeal from said judgment, that if the said Margaret McDermott would discontinue the appeal so taken and not prosecute the same any further, he would pay the costs and fees so paid to the justice on taking said appeal, and would release the judgment against the said Margaret McDermott so filed and docketed in the circuit court, and he did so reimburse said costs.    The circuit court found that no such agreement of the counsel of the parties had ever been made, and dissolved the preliminary injunction, dismissed the complaint, and allowed the defendants to issue an *alias* execution on the judgment so docketed in the circuit court. The only evidence on the question whether such an agreement was made consisted of the testimony of the two attorneys who were alleged to have made it, and that of another attorney at law, together with some supposed cor-

roborating circumstances. Some exceptions were taken by the plaintiff's counsel to the rejection of what was claimed to be the evidence of other corroborating facts. But the case was tried by the court without a jury, and such exceptions are of no avail. Such evidence, if admissible, will be considered by this court the same as if allowed by the court below in passing upon the question of fact.

The two attorneys who are alleged to have made such an agreement testified directly in opposition to each other; one asserting that such an agreement was made, and the other asserting with equal positiveness that no such agreement was ever made and that the costs of the appeal had never been reimbursed. The testimony of the other attorney at law was, substantially, that he had occasion to examine the title of said premises, and found this judgment an incumbrance thereon, and that he called upon the attorney for the plaintiff in the said justice's suit, and upon the justice; and, on inquiry of them, "he learned from both of them that the suit had been discontinued and the judgment discharged and would be canceled of record," and that he so informed the plaintiff in this suit. This evidence is also denied most positively by the attorney of the plaintiffs in the case before the justice. The justice has no reliable recollection of the appeal or of this interview with the other attorney at law. This court is asked to reverse the judgment mainly on the question of the credibility of these witnesses. It is claimed by the appellant's counsel that there are at least two witnesses against one as to the main fact. This is not so. The fact testified to by the other attorney at law is an independent fact, not testified to by the attorney of the defendant in the judgment. There are two facts, one of which was the making of the agreement, and the other was what the other attorney at law learned from the attorney of the plaintiffs in the judgment. There is only one witness against one as to each fact. But the rule

that the majority of equally credible witnesses ought to prevail is not recognized in this state. *Bierbach v. Goodyear Rubber Co.* 54 Wis. 208.

It is claimed, further, by the learned counsel, that the testimony of one of the said attorneys is *positive* or affirmative, and that of the other is *negative,* and that the positive or affirmative evidence ought to prevail. This is not so in the sense that is the reason of the rule. One witness testified that such an agreement was made, and the other testified as *positively,* and with the same means of knowledge, that such an agreement was not made. This kind of testimony is not within the rule invoked by the learned counsel. *Elkins v. Kenyon,* 34 Wis. 93; *Sobey v. Thomas,* 39 Wis. 317.

It is nearly a universal rule that this court will not reverse the finding of a court or verdict of a jury on the mere credibility of witnesses or conflict of evidence. The trial court is in much better situation to apply the usual tests of credibility. It sees the witnesses, hears them testify, and observes their manner of testifying and appearance on the witness stand, and in fact knows more of them every way. We do not think the corroborating evidence on either side, received or offered, throws much weight into the scales, or at least makes any difference in this case as to the application of the usual rule. The court below decided this question of credibility for reasons of its own. If this court should decide the question either way, it would be more or less arbitrary and without reasons. We shall decline to decide the question one way or the other, but leave it with the trial court, where it more properly belongs. All we can say is that there is no such clear preponderance of the evidence against the finding of the court as would justify our interference with it.

*By the Court.*— The judgment of the circuit court is affirmed.