McCUNE, Appellant, vs. BADGER, Respondent.

*October 26—November 14, 1905.*

*Appeal: Review: Direction of verdict: Real-estate brokers: Right to commission: Producing purchaser: Evidence of agent's authority.*

1. The decision of the trial court upon a motion for direction of a verdict should not be disturbed unless upon the record it appears to be clearly wrong.
2. A real-estate broker is not entitled to a commission upon the ground that he produced a purchaser ready and willing to take property at the stipulated price, where it appears that his purchaser was able to pay that price only in case the property were conveyed to him so that he might borrow money thereon to make the payment, and it does not appear that either the purchaser or the persons who had promised to lend him the money were present on the occasion in question when it was proposed to close the deal.

3. The admission or claim of a person pretending to act as agent for another that he has authority to do so does not tend to prove the agency.

4. To establish agency in respect to real-estate transactions, the evidence must be definite and clear.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

Action to recover a commission for the sale of real estate alleged to have been earned by plaintiff.

Plaintiff claimed that in October, 1899, defendant, who was then the owner of a farm consisting of the northeast one-quarter of section No. 14, township No. 18 north, of range 15 east, in Winnebago county, Wisconsin, except one and one-half acres in the southeast corner thereof, and also the owner of certain farm machinery, live stock, and other personal property for use and in use on such farm, promised plaintiff that in case of his producing a person willing and able to purchase such property he should have for his services all obtainable over $8,000 for the land, and all over $9,000 obtainable for the entire property, she to pay him such excess whenever he should produce a purchaser ready, willing, and able to take the property at any sum in excess of the stipulated net price; that April 18, 1902, he produced Gustave Pansie, a proposed purchaser, who was willing and able and who offered and agreed to pay $11,095 for the real estate, and requested defendant to make a deed accordingly, which she refused to do. Plaintiff prayed for judgment in the sum of $3,095 and costs.

The defendant answered admitting that plaintiff was appointed agent to sell the farm mentioned for $9,000, his compensation in case of a sale to be such sum as he might obtain therefor in excess of that sum. She further answering put in issue plaintiff's allegations as to his obtaining a purchaser for the property ready, willing, and able to take the same upon any terms acceptable to her, or which she had at any time stated to him she would accept, and alleged that April 8, 1902,

she terminated the agency by notifying plaintiff of the revocation of his authority. At the close of plaintiff's evidence the court directed a verdict in favor of the defendant and judgment was rendered accordingly. The plaintiff appeals.

For the appellant there was a brief signed by *Hume & Oellerich,* attorneys, and *Eaton & Eaton,* of counsel, and oral argument by *M. H. Eaton* and *L. K. Eaton.*

For the respondent there was a brief by *Barbers & Beglinger,* attorneys, and *A. E. Thompson,* of counsel, and oral argument by *Chas. Barber* and *Mr. Thompson.*

MARSHALL, J. Was there credible evidence from which the jury might reasonably have found that plaintiff produced a person ready and able to take respondent's property on the terms upon which he was authorized by her to offer the same for sale, before she revoked his authority? It is conceded that there was not if there was no evidence tending to show that Stevenson, whom he claims he notified of his having found such a purchaser, was respondent's agent in the matter. It is claimed on the part of respondent that no such evidence was produced, or even tending to prove that appellant was able at any time to present a purchaser willing and able to take the property on the terms stipulated for before his authority was terminated.

It is elementary that upon a motion for a verdict the trial court is required to determine as a question of fact whether conflicting reasonable inferences may fairly be drawn from the evidence, some supporting a finding one way and some the other. It is the exclusive province of the court to solve such a question. In case of its solution in the affirmative, it is the exclusive province of the jury to determine the weight of the probabilities. The court in passing upon the question for it to determine is required to give to the evidence all the weight it will reasonably bear against the motion. The conclusion reached when challenged upon appeal cannot properly be cast

aside and the evidence viewed regardless thereof. It is to be viewed from the proper viewpoint of the trial court, so far as practicable, bearing in mind that such court ordinarily possesses some advantages in discovering the right of such a matter over an appellate tribunal, which should be taken account of in case of doubt, and given sufficient weight to preclude any disturbance of its decision, unless the same appears clearly to be wrong. *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 38, 73 N. W. 573; *Maanum v. Madison,* 104 Wis. 272, 80 N. W. 591. The law rendering it obligatory to decide the question of fact suggested upon a motion for nonsuit, or for a verdict, and to pronounce judgment in accordance with the decision, as suggested in *Finkelston v. C., M. & St. P. R. Co.* 94 Wis. 270, 68 N. W. 1005; *Cawley v. La Crosse City R. Co.* 101 Wis. 145, 77 N. W. 179, and similar cases, in connection with the consideration due to the trial court's decision on any question of fact, gives dignity to its conclusion entitling it to prevail, unless upon the record it appears to be clearly wrong.

So we must view the record before us in respect to whether there was credible evidence from which the jury might reasonably have found a verdict in appellant's favor in the light somewhat of the trial court's decision to the contrary. We must be able to see clearly evidence sufficient in some reasonable view of it to produce conviction upon some minds, at least, viewing the same intelligently, to a reasonable certainty that the truth of the matter was with appellant.

We are unable to find any reasonably clear evidence that appellant found a purchaser able and willing to take respondent's property and pay therefor the amount in cash which it is conceded she was to have, before the time when it is conceded he was served with notice terminating his authority. Though it be admitted for the sake of argument that there is evidence tending to show that Stevenson, whom appellant testified he notified of his having secured the required purchaser, was respondent's agent in the matter, the most appel-

lant claims he accomplished was to produce a person willing to take the property so that respondent could realize her price upon condition of appellant's furnishing or procuring the money necessary therefor in excess of $2,000, and that he had promise of loans to enable him to do so. He did not pretend his party was ever in circumstances to accept a deed of the property and pay the required amount of money therefor, except upon condition that certain persons, who had promised to loan the money to him on the property, redeemed the promise. He said that on the day agreed upon with Stevenson for a meeting at the latter's office to close up the deal, Stevenson did not put in an appearance, but he failed to state that on such occasion he or his proposed purchaser was so circumstanced as to be able to pay over the necessary money to obtain a deed from respondent. For aught that appears, neither such purchaser nor the parties who were to loan the money were on hand on such occasion. Certainly up to that time no money was in hand with which to close the deal. The arrangement claimed to have been made contemplated the passing of the title to the property to the proposed purchaser in order to enable him or the appellant to borrow money thereon with which to pay therefor.

On the subject of whether Stevenson was authorized to represent respondent, we are unable to discover any evidence worthy of serious consideration. There is evidence that he claimed to be respondent's agent and held himself out as such, but no evidence, direct or circumstantial, that she was responsible for the appearances in that regard; that she authorized his conduct or ratified it. He secured the land and conveyed it to one Hackett, who conveyed it to appellant's proposed purchaser upon the terms appellant was to secure him the same for. If appellant's evidence is true as to what occurred between him and Stevenson, it suggests double dealing on the latter's part without, however, connecting respondent therewith. She testified, in effect, that Stevenson had no authority

to represent her in dealing with appellant, except in respect to serving the notice of the termination of the agency. Stevenson testified to the same effect, and it does not appear that he performed any act which she authorized or ratified, except such service. On the whole, in face of the rule that the admission or claim of a person pretending to act as agent for another that he has authority to do so does not tend to prove the agency (*Davis v. Henderson*, 20 Wis. 520; 2 Jones, Evidence, § 359), and the further rule that evidence definite and clear is required to establish agency in respect to real-estate transactions, we cannot discover any reasonable ground in the record before us for holding that Stevenson was respondent's agent at the time appellant claims to have dealt with him as such.

*By the Court.*—The judgment is affirmed.