ELLISON, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*October 26—November 15, 1910.*

*Railroads: Injury to land by fire: Negligence: Evidence.*

In an action against a railway company for injury to land caused by a fire alleged to have been negligently set, the evidence, though somewhat contradictory and unsatisfactory, is *held* to sustain a finding by the jury that the fire was started on the defendant's right of way by sparks from an engine.

APPEAL from a judgment of the circuit court for Marinette county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

This is an action for damages resulting to the plaintiff's land by fire alleged to have been negligently set by the defendant. The negligence alleged was that the defendant allowed dry grass and other combustible material to accumulate on its right of way and that this combustible material was set on fire by sparks from one of the defendant's passing engines, and the fire thus started spread onto the plaintiff's adjoining land and burned off the peat soil for about six acres of the plaintiff's land, thus rendering it valueless either as farm or pasture land.

The jury returned a special verdict by which they found (1) that the fire was started on the defendant's right of way by sparks from the defendant's engine; (2) that the defendant was guilty of want of ordinary care as to the condition of its right of way at the place where the fire started; (3) that the plaintiff's damages caused by the fire were $439.98. Judgment for the plaintiff was rendered upon this verdict, and the defendant appeals.

For the appellant the cause was submitted on the brief of *William G. Wheeler.*

For the respondent there was a brief by *Feeney & Miller* and *Edward W. Miller,* and oral argument by *T. J. Feeney.*

WINSLOW, C. J. There are but two claims made on this appeal: *first,* that there was no evidence to sustain the finding that the fire started on the defendant's right of way, and, *second,* that the damages found are excessive.

As to the first claim, it must be admitted that the evidence is not very satisfactory. There were but two witnesses for the plaintiff who saw the fire at or about the time of its inception, viz., Mrs. Verhayen, a woman who lived upon the adjoining farm, and her son, Adrian. Mrs. Verhayen testified that she was hanging out clothes about two or three city blocks

distant when the freight train went by and immediately she
saw smoke arising in several places on *Ellison's* land, and per-
haps some on the track also; that she did not go to the spot, but
called her son from the middle of a forty-acre field.    The son
testified that when he arrived at the spot there was quite a big
piece burned on the railroad side and quite a big piece on
*Ellison's* side, burning about as much on one side of the fence
as on the other.    Later he testified that it was burning in
two, three, or four different places, some on *Ellison's* land and
some on the railroad land, but this latter testimony might
well be construed as meaning, not that there were several in-
dependent fires, but that there were several places where the
fire was fiercely burning, though all might be more or less
closely connected together.

The circuit judge, who heard the testimony and who had a
much better opportunity for knowing what the witnesses
really meant by their somewhat contradictory testimony,
held, when this same question was presented and argued be-
fore him, that notwithstanding the unsatisfactory character
of the evidence the question was fairly one for the jury, and
we do not feel that the contrary view is so clear that we would
be justified in reversing his conclusion.

It may be said further that the wind was in the right direc-
tion to carry the sparks as claimed, and that the appearance of
the ground afterwards tended to confirm the idea that the fire
started from a spot on the right of way and spread out as it
swept before the wind into and across the plaintiff's premises.

The damages found were certainly large, but there was evi-
dence which fully supported the jury's finding.

*By the Court.*—Judgment affirmed.

BARNES, J., took no part.