# CASES DETERMINED

# January Term, 1913.

---

Olson, Respondent, vs. Holway, Appellant.

*December 13, 1912—January 7, 1913.*

*Evidence: Weight: Number of witnesses: Automobiles: Collision with bicycle.*

1. The mere fact that a verdict may be against the testimony of the greater number of witnesses does not justify its being set aside where it is based upon competent credible evidence.
2. Thus, in an action for injuries sustained in a collision between plaintiff's bicycle and defendant's automobile, plaintiff's testimony as to how the accident occurred, not being discredited by anything in the physical facts and circumstances surrounding the collision, was sufficient to support a verdict in his favor, although it was contradicted by defendant and two other occupants of the car and there was nothing improbable in their version.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Action to recover damages for personal injuries sustained in a collision with defendant's automobile. The jury by a general verdict found for plaintiff and assessed his damages at $135. From a judgment entered thereon the defendant appealed.

For the appellant there was a brief by *Jesse E. Higbee,* and oral argument by *Otto M. Schlabach.*

For the respondent there was a brief by *W. F. & A. C. Wolfe,* and oral argument by *W. F. Wolfe.*

VINJE, J.    At about midnight on November 12, 1910, plaintiff was proceeding east on the south side of King street in the city of La Crosse, riding on a bicycle.    Fifth street intersects King street at right angles.    The defendant was coming south on Fifth street in his automobile.    A collision between the two took place at or near the intersection of the two streets.    Plaintiff testified that he had turned south on Fifth street and was about thirty or forty feet from the intersection of the two streets, riding south on the west side of Fifth street not far from the curb, when defendant's automobile, coming from behind, struck him or his bicycle on the left side and threw him onto the street near the west curb.    The defendant testified that plaintiff ran "right square" into his car and struck it on the fender a trifle forward of the center as plaintiff was making the turn on the south side of King street to go south on Fifth street.    Two persons who were with defendant in the automobile substantially corroborate his testimony. The only error relied upon is that the evidence does not sustain the verdict.    If plaintiff's testimony be true, and there is nothing in the physical facts and circumstances surrounding the collision to discredit it, then he is entitled to recover. Three witnesses contradict his testimony, and there is nothing improbable in their version as to how the collision occurred. Upon such conflict in the evidence the verdict of the jury will not be disturbed.    *Daubner v. McFarlin,* 136 Wis. 515, 117 N. W. 1002.    The mere fact that the verdict may be against the testimony of the greater number of witnesses does not justify its being set aside where it is based upon competent credible evidence.    *Bierbach v. Goodyear R. Co.* 54 Wis. 208, 213, 11 N. W. 514; *Shekey v. Eldredge,* 71 Wis. 538, 37 N. W. 820.

*By the Court.*—Judgment affirmed.