WEBERT *v.* ROBERTS.

BROKERS—COMMISSIONS—STATUTE OF FRAUDS—READY, WILLING, AND ABLE.

    In an action by a real-estate broker for commissions on the sale of real estate, defendant refusing to consummate the sale, there being no question that defendant signed the listing contract, thereby satisfying the statute of frauds, the finding of the trial judge that plaintiff thereafter produced a purchaser ready, willing, and able to purchase the property for cash, *held*, justified by the testimony.

Error to Ingham; Wiest (Howard), J. Submitted June 16, 1920. (Docket No. 56.) Decided September 30, 1920.

Assumpsit in justice's court by Lewis G. Webert against Bessie L. Roberts for commissions on the sale of real estate. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Cummins & Nichols,* for appellant.

*Harry E. Hooker,* for appellee.

BROOKE, J. In this case the learned circuit judge before whom the case was tried, without a jury, filed the following findings of fact and law:

## "Facts.

"February 7th, 1919, defendant listed her residence in the city of Lansing with plaintiff, a real estate broker, for sale, the material part of the writing being as follows:

" 'Residence property price $5,000.

" 'St. and No. 319 Bartlett.

" 'Terms

" 'Owner B. R. Roberts.

" 'I agree to pay 3 per cent. of the selling price as commission to L. G. Webert if this property is sold through his efforts or to any one with whom he has negotiated concerning the same.

" 'The exclusive sale is given..................for a period of ....................days from date thereof..........'

"April 9, 1919, plaintiff, through his efforts to sell the property, found a prospective purchaser in Carl B. Saxton, who on that day paid plaintiff $100 as an earnest and signed an agreement reading as follows:

" 'Webert Real Estate

" 'Memoranda of agreement made and entered into this date, April 9, 1919, by and between Mrs. Roberts, party of the first part, and Carl B. Saxton, party of the second part, to-wit: Party of the first part agrees to sell to said second party property known as 319 Bartlett st., Lansing, Michigan, on conditions as follows: Five thousand ($5,000) dollars. Terms $100 on signing this agreement, receipt of which is hereby acknowledged, the balance of forty-nine hundred ($4,900) dollars due and payable on or before date of possession.

" 'Said first party further agrees to deliver papers showing good marketable title and give possession on or before 45 days from date, also a regular commission of three due for services rendered.

" 'Party of the second part agrees to buy the above described property on the terms and conditions above stated and sign necessary papers on or before thirty days.

" 'This agreement is made subject to approval of owner.'

"Plaintiff sent the $100 paid by Mr. Saxton to Mrs. Roberts and she refused to take it and refused to sell

at the price agreed upon between plaintiff and Mr. Saxton.

"Defendant claims that she was induced to sign the listing agreement through misrepresentation of plaintiff; that it was agreed she should have $5,000 for her property over and above plaintiff's commission, and to that end it was to be listed at $5,200, and she was informed that it was so listed and signed the writing without reading it and it was not read to her, she wholly relying upon the assurance given her by plaintiff's representative.

"The defendant admitting that she signed the writing, it is to be taken as it appears unless by a preponderance of the evidence it is made to appear that it does not speak the true agreement by reason of fraud practiced upon defendant in obtaining her signature.

"The court is unable to find with defendant upon such issue of fact. When Mr. Saxton signed the agreement to purchase he did not have $5,000 in money; he had sold a place in which he had an equity of about $2,500, but the money had not been paid to him and was not yet paid when this case was heard in the justice's court, but he had the promise of Kenney and Sayer, real estate dealers, that they would loan him $5,000 with which to purchase the Roberts property. The evidence shows that Kenney and Sayer were willing to make the loan to Mr. Saxton and had the money with which to do so. It appears that Mr. Saxton intended in good faith to purchase the property and could have procured the necessary money and was prevented from so purchasing solely by the refusal of the defendant to sell the property for $5,000.

"Law.

"The purchase by Mr. Saxton, if consummated, would have been a sale for cash. The agreement signed by Mr. Saxton, provided for the payment of $100 at the time of signing and the other $4,900 on or before date of possession and for defendant to deliver papers showing good marketable title and give possession on or before 45 days, and performance thereof by Mr. Saxton, would, in law as well as in fact, have constituted him a purchaser for cash. In *Fischer* v. *Bell*, 91 Ind. 243, the agreement provided

for a cash sale and required the money to be paid upon the execution of the deed and it was held:

"'Had the vendor signed and ratified the agreement made by his agent with the purchaser, it would have been a cash sale, because by its terms, upon the execution of the deed, he was entitled to every cent of the purchase money.'

"In the case at bar a cash sale was agreed to by Mr. Saxton and the character of the sale is not changed by the fact that time was provided for closing the deal and for delivery of possession, for it is common knowledge that after agreement to purchase it takes some time to examine the abstract and to prepare the necessary papers. The provision in the agreement on the part of Mr. Saxton to buy on the terms and conditions 'above stated' required him to pay the $4,900 on the date of possession, and defendant could have had payment as soon as she wanted had she accepted the agreement and executed a deed and tendered the deed and possession.

"The agreement on the part of Mr. Saxton to 'buy the described property on the terms and conditions above stated, and to sign necessary papers on or before thirty days,' must be construed in connection with the terms and conditions 'above stated' and there it is expressly agreed he should pay in full in cash on or before date of possession. The agreement on the part of Mr. Saxton to sign necessary papers on or before thirty days is meaningless because under the agreement there would be no papers for him to sign. I am of the opinion that Mr. Saxton would have had to pay the full price immediately upon tender of a deed and of possession and the sale was therefore a sale for cash.

"Plaintiff under the listing agreement found a purchaser in Mr. Saxton, ready and willing and able to buy the property. That Mr. Saxton was willing to buy clearly appears and that he was ready and able to buy on the terms of cash did not depend upon his having the money with which to do so in hand at the time he agreed to take the property, but upon his ability to perform at the time fixed for the passing of title and right of possession. *Jaffe* v. *Nagel,* 114 N. Y. Supp. 905.

"If Mr. Saxton had the promise of a loan of the money with which to pay for the property, and such promise could be relied upon, then he is to be held as ready and able to perform, and such would be true, even though he expected to secure the loan on the property so purchased.

"The holding in the case of *McCune* v. *Badger*, 126 Wis. 186 (105 N. W. 667), to the effect that the purchaser produced by the broker was not able to buy because 'he,' the broker, 'did not pretend that his party was ever in circumstances to accept a deed of the property and pay the required amount of money therefor, except upon condition that certain persons, who had promised to loan the money to him on the property redeemed the promise,' would seem to support the contention of the defendant herein that Mr. Saxton was not able, were it not that the later case of *McCabe* v. *Jones*, 141 Wis. 540 (124 N. W. 486), points out the error of accepting that decision as a general rule of law.

"In the *McCabe Case* it was held:

" 'It is common knowledge that very many, if not a majority of contracts for the purchase and sale of real estate are expected to be carried out by obtaining a part of the purchase money on a mortgage of the property itself, to be executed contemporaneously with the execution of the deed. If the purchaser has his arrangement made so that the money will be forthcoming at the moment the deed is passed to him, no reason is perceived why he may not truly be said to be ready, able and willing to complete the deal, although a part of the money comes from one who at the same moment receives a mortgage of the newly-purchased premises. * * * Where a real estate broker sues for his commissions on a sale which his principal refuses to carry out, he cannot, of course, prove his case by showing that he produced a straw bidder, but, on the other hand, he is not required to show that he brought a man with the cash all in hand in legal tender. He is simply required to show that he produced a purchaser who was ready, willing and pecuniarily able within the time fixed to take and pay for the property. Mechem on Agency, § 966. Pecuniarily able in this connection must, of course, have a reasonable construction. It cannot mean that the proposed purchaser must necessarily have all the money in his pocketbook or to his credit at the bank, but that he is able to command the necessary money to close the deal on rea-

sonable notice, or within the time limited by the vendor, if a time be limited.'

"The plaintiff is entitled to recover and judgment will be entered in his favor and against the defendant for the sum of one hundred and fifty-five dollars, together with his costs to be taxed."

Defendant and appellant assigns error as follows:

"1. The court erred in overruling defendant's motion to strike out the paper signed by the witness, Carl Saxton, purporting to be an agreement to buy the property of defendant.

"2. The court erred in finding as a matter of law that under the paper or agreement signed by Mr. Saxton, he would have had to pay the full price immediately upon the tender of a deed and of possession and that the sale was therefore a sale for cash.

"3. The court erred in finding as a matter of law that Mr. Saxton was a purchaser able to buy and pay cash if he had the promise of the loan of the money with which to pay for the property and such promise could be relied upon and that such would be true, even though he expected to secure the loan on the property so purchased.

"4. The court erred in finding as a matter of fact that said Saxton was a purchaser able to buy and pay cash for the property for the reason that there is no evidence tending to support such finding.

"5. The court erred in finding as a fact that said Carl Saxton was a purchaser able to pay cash for said property at any time when he was tendered a deed and possession, because said finding of fact is against the clear weight of the evidence.

"6. The court erred in finding as a fact that at the time Mr. Saxton signed the agreement to purchase, he had a promise of Kenney & Sayer, real estate dealers, that they would loan him $5,000 with which to purchase defendant's property, because said finding is against the clear weight of the evidence."

In support of appellant's position, as indicated by her assignments of error, she cites *Reynor* v. *Mackrill*, 1 A. L. R. 523 (181 Iowa, 210, 164 N. W. 335), and the cases cited in the note thereto as follows: *Mattingly*

v. *Pennie,* 105 Cal. 514 (39 Pac. 200, 45 Am. St. Rep. 87) ; *Robertson* v. *Allen,* 107 C. C. A. 254, 184 Fed. 372; *Birnbaum* v. *Unger,* 135 N. Y. Supp. 1; *McCune* v. *Badger,* 126 Wis. 186 (105 N. W. 667). We have examined them àll and are of opinion that the facts involved in each of them make the several decisions thereunder inapplicable to the case at bar. There is no question that the defendant signed the listing contract, thereby satisfying the statute of frauds. We think the finding of the circuit judge to the effect that plaintiff thereafter produced a purchaser ready, willing and able to purchase the property, for cash, is justified by the testimony in the case. *Garrisi* v. *Kass,* 201 Mich. 643.

The judgment is affirmed.

STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred. MOORE, C. J., did not sit.