## 12647. COLUMBUS RAILROAD CO. *v.* CITY OF COLUMBUS.

It is no defense to a tort action that the plaintiff is incapable of negligence. In a suit by a municipal corporation to recover for damage to a fire-truck, occurring while the truck was being operated by the municipality in the performance of the municipality's governmental function, the defendant can not escape liability for its own tortious act on the ground that the municipality was at the time of the commission of the alleged tort engaged in the performance of a governmental function, and was therefore exempt from liability for any damage resulting from the act complained of. Especially is the exemption of the municipality from liability by reason of being engaged in the performance of a governmental function no defense against an action for a wilful and intentional tort.

> DECIDED JULY 24, 1922.

Action for damages; from Muscogee superior court — Judge Munro. June 9, 1921.

*F. U. Garrard, A. W. Cozart, A. S. Bradley,* for plaintiff in error.

*McCutchen & Bowden,* contra.

STEPHENS, J. The City of Columbus brought suit against the Columbus Railroad Company, alleging in its petition as amended that the defendant had committed an intentional tort by running one of its street-cars into a fire-truck belonging to the plaintiff while the truck and the street-car were traveling along a public street. The defendant filed general and special demurrers to the petition, and contended that since the City of Columbus, in operating its fire-truck, was at the time engaged in a governmental function, and was therefore not liable for any damages resulting to any one from any act of the city in the performance of its governmental function, it was therefore debarred from recovering for any

damage itself might sustain while performing its governmental function. The trial judge overruled the demurrers, and the defendant excepts.

It is no defense to a tort action that the plaintiff is incapable of committing negligence. Otherwise, a child of such tender years as to be conclusively presumed incapable of negligence would be unable to recover for damage inflicted upon the child by the wilful act or negligence of another. If the defendant in a tort action by a child incapable of committing negligence is at a disadvantage and can not defend against his own tortious act upon the ground that the child was guilty of contributory negligence, certainly the defendant in a tort action by a municipality will not be relieved from liability for his own tortious acts against the municipality, because of the incapability of the municipality to commit contributory negligence. However plausible the defendant's contention may seem, and even if the defendant could defend against its own negligent conduct upon the ground of the incapability of the plaintiff to commit negligence, the defendant certainly can not on such ground defend against its own intentional and wilful tort. We are therefore of the opinion that the trial court properly overruled the general demurrer interposed to the petition alleging a wilful and intentional tort upon the part of the defendant. See in this connection: Paterson v. Erie R. Co., 78 N. J. L. 592; 75 Atl. 922, 30 L. R. A. (N. S.) 209; McQuillin on Municipal Corporation, § 2614.

The other grounds of the demurrer, where not met by an amendment to the petition, are without merit. The negligence of the driver of the truck could not be imputed to the plaintiff nor under the allegations in the petition could the question of negligence be solved against the plaintiff as a matter of law.

> *Judgment affirmed. Jenkins, P. J., concurs.*