Lewiton, J.
In this action of tort, the City of Boston seeks to recover for damage to one of its automobiles which was involved in a collision with a motor vehicle owned and operated by the defendant. The plaintiff’s automobile was being used at the time of the collision by the Fire Department of the City and was being operated by a fireman engaged in the performance of his duties as such. There was evidence from which the court could have found negligence on the part of each operator. After making a special finding that the plaintiff’s driver was not in the exercise of due care, the trial court found for the defendant.
The case is before this Appellate Division on the plaintiff’s claim that it was aggrieved by the trial judge’s rulings on its requests for rulings numbered 1, 2, 3, 4 and 5.
Request No. 1, that upon all the evidence the plaintiff was entitled to recover, was properly denied. Rarely can a court be required to rule as matter of law that the party *168 having the burden of proof has sustained the burden. Coleman, v. N. Y. N. H. & H. RR., 215 Mass. 45, 47; Winchester v. Missin, 278 Mass. 427, 428; Hoffman v. Chelsea, 315 Mass. 54, 56.
Bequests numbered 2 and 4 sought rulings to the effect that the plaintiff city was a gratuitous bailor of its automobile at the time of the collision. Clearly, the evidence reported would not require or even warrant such a ruling, since the basic elements of such a bailment were lacking. See Nash v. Lang, 268 Mass. 407, 414. The plaintiff’s request No. 3, which stated the rule of non-liability in actions brought against municipalities, was properly denied as immaterial. In this case the action was brought by, not against, the city.
A more difficult question is presented by the plaintiff’s request No. 5 and the trial court’s action thereon, which read as follows:
“Bequest 5. The members of fire departments are public officers; they have duties, imposed by law for the benefit of all the citizens, over the performance of which the municipality has no control and from which it derives no benefit in its corporate capacity. The acts of such public officers are their own official acts and not the acts of the municipal corporation or its agents. ’ ’ “Court: Tes; inapplicable; see facts.”
In the only finding of fact set forth in the report, the trial judge said: “I find plaintiff’s driver was not in exercise of due care.”
While the plaintiff’s fifth request might have been drawn with greater clarity and precision, we think that in the light of the pleadings and evidence it fairly raised the question whether, as matter of law, the contributory negligence of the fireman-operator could be attributed to the city so as to bar recovery by it. The trial justice’s action indicates that he so construed the request, and that he ruled against the city on that issue.
*169 So far as we are able to ascertain, this precise problem has never been passed upon by the courts of Massachusetts. The plaintiff contends that since it could not be held liable in an action brought against the city for damage caused by the negligence of the fireman-operator, it must follow that his negligence does not bar recovery by the city when it sues for damage to its property. We do not agree with this contention.
It is, of course, well settled in this Commonwealth that apart from statute, a municipality is not liable for negligence in the conduct of strictly public functions, from the performance of which it receives no profit or advantage. Hill v. Boston, 122 Mass. 344; Sloper v. Quincy, 301 Mass. 20; Orlando v. Brockton, 295 Mass. 205; Abihider v. Springfield, 277 Mass. 125,127; Gregoire v. Lowell, 253 Mass. 119. This rule is commonly regarded as a vestige of the old doctrine that “the King can do no wrong.” See Matter of Evans v. Berry, 262 N. Y. 61, 68; 186 N. E. 203; Krantz v. Hutchinson, 165 Kan. 449; 196 P(2d) 227; Borchard, Government Liability in Tort, 34 Yale Law J. 1. Dressed in more modern verbal garb, appropriate to our governmental structure, the underlying basis for the rule is frequently stated to be that since a municipafity, in performing its so-called governmental or pubfic functions, is acting for the State and is exercising a part of the State’s sovereignty, it shares the State’s immunity from liability for injuries or damage caused by negligence in the course of such performance. Bernardine v. New York, 294 N. Y. 361, 366; 62 NE (2d) 604; Krantz v. Hutchinson, 165 Kan. 449, 196 P(2d) 227; Hoggard v. Richmond, 200 S. E. 610; II Shearman & Redfield, Negligence (Rev. Ed. 1941) § 288; Borchard, supra, 34 Yale Law J. 129, 131; Annotation, 120 A. L. R. 1376. And, as an extension of the theory that the municipafity is acting for the State in such instances, it is sometimes said that a municipal officer, while in the per *170 formance of a so-called governmental function, is not to be regarded as an agent or servant of the municipality for whose negligence it may be held liable. Gregoire v. Lowell, 253 Mass. 119; Hafford v. New Bedford, 16 Gray 297; Ryder v. Taunton, 306 Mass. 154; Butman v. Newton, 179 Mass. 1; Galassi Mosaic & Tile Co. v. Boston, 295 Mass. 544; Borchard, supra, 34 Yale Law J. 129, 132; II Shearman & Redfield, supra, sec. 314; McQuillin, Municipal Corporations (2d Ed. Rev. 1937) sec. 2593. From this progressive series of rationalizations of the underlying reason for municipal immunity from liability stems the statement found in some cases to the effect that the doctrine of respondeat superior is not applicable to impose liability on municipalities for damage caused by their officers or agents in the performance of so-called governmental or public functions. See Patterson v. Erie Ry. Co., 78 N. J. Law 592; 75 Atl. 922; Milwaukee v. Mayer, 204 Wis. 350; 235 N. W. 768; Borchard, supra, 34 Yale L. J. 129, 132.
While the earlier Massachusetts cases establishing the rule of municipal non-liability stressed the theory that in performing governmental functions, municipalities were exercising part of the State’s powers of government (see Hill v. Boston, 122 Mass 344, 380) more recent decisions of our Supreme Judicial Court state the reason for the rule to be that the denial of such immunity “would involve the municipality in endless embarrassments and difficulties which would be subversive of public interests.” Galassi Mosaic & Tile Co. v. Boston, 295 Mass. 544, 551; Sloper v. Quincy, 301 Mass. 20, 23; Baumgardner v. Boston, 304 Mass. 100, 107.
Obviously, this rule of immunity of municipalities, which involves a sharp departure from ordinary principles of the law of torts, must rest on grounds of sound public policy, and any proposed extension of the rule must be similarly justified. Even with respect to actions in which liability *171 is sought to be imposed on cities or towns for the acts of their officers or agents, the courts have evolved numerous exceptions to the rule of non-liability, or have interpreted factual situations, so as to permit recovery. Jones v. Great Barrington, 273 Mass. 483; Butman v. Newton, 179 Mass. 1; Tindley v. Salem, 137 Mass. 171; Matter of Evans v. Berry, 262 N. Y. 61, 70; 186 N. E. 203; Krantz v. Hutchinson, 165 Kan. 449; 196 P (2d) 227; Annotation, 102 A. L. R. 656; Annotation, 75 A. L. R. 1196. Even more true today than when they were first written in 1884, are the following words of Justice Allen in the case of Tindley v. Salem, 137 Mass. 171: “It may not be easy to reconcile all of the dicta and perhaps not all of the decisions, in actions in which it has been sought to hold cities or towns responsible for injuries to person or property sustained through negligence or wrongdoing on the part of the cities or towns themselves, or of persons alleged to have acted as their agents or servants. Many of the cases, however, can be distributed into classes, which have now come to be recognized, although in some instances the principals upon which the decisions ought ultimately to rest may still be somewhat shadowy.” See, also, Borchard, supra, 34 Yale Law J. 129.
The modern tendency has been to restrict the scope of governmental non-liability, at times by judicial decision, and frequently by legislative enactment. See Matter of Evans v. Berry, supra; Bernardine v. New York, 294 N. Y. 361; 62 N. E. 2d 604; Hoggard v. Richmond, 200 S. E. 610; McQuillin, Municipal Corps., (2d Ed. Rev. 1937) sec. 2593; Shearman & Redfield, Negligence (Rev. Ed. 1941) sec. 315; Annotation, 120 A. L. R. 1376, 1378.
Having in mind the basic considerations of public policy which have been deemed to justify the rule of non-liability in actions against municipalities, we do not believe that there are any comparable considerations of such weight as to justify an extension of that rule so as to permit *172 recovery by a municipality for damages caused in part at least by the contributory negligence of its officers, agents or servants. To permit the defense of contributory negligence to be asserted against a municipality in actions brought by it would not, as in the case of actions brought against it, “involve the municipality in endless embarrassments and difficulties” (cf. Galassi Mosaic & Tile Co. v. Boston, supra; Sloper v. Quincy, supra,) since the municipality could elect whether or not to bring suit in a particular situation.
In so far as the basic rule of non-liability of municipalities rests on notions of sovereign immunity, as noted above, such immunity is waived where the sovereign or other public agency exercising sovereign powers elects to initiate litigation against other parties. Upon such election, it should be subject to all of the defenses, including that of contributory negligence, which are available against a non-governmental plaintiff.
Thus, in the case of United States v. Moscow-Idaho Seed, Co., 92 F. (2d) 170, the United States sued to recover for damage to its automobile which was involved in a collision while being operated by an employee of the government in the performance of his official duties. The Circuit Court of Appeals for the Ninth Circuit held that even though the United States could not have been held liable if sued for damage caused by the negligence of its operator, his contributory negligence was a valid defense in the suit brought by the government. “When the United States comes into court and institutes a suit for redress, not based on any infringement of its sovereignty and not for any violation of its governmental prerogatives, and submits a claim wholly in the nature of a private litigant, it, by implication, waives any immunity as sovereign and its adversary is entitled to set up any defense which would be available to him were his opponent another citizen instead of the government.” United States v. Moscow-Idaho Seed Co., supra; *173 See also State v. Kilburn, 81 Conn. 9; 69 Atl. 1028; State v. Buchholtz, 169 Minn. 226; 210 N: W. 1006; Howard v. Cook, 59 Idaho, 391; 83 P(2d) 208; Anderson, Clayton Co. v. State, 122 Tex. 530; 62 S. W. (2d) 107; Contra: Miller v. Layton, 133 N. J. L. 323; 44 Atl. (2d) 177.
In several other cases, it has been expressly held, or assumed without discussion, that recovery in an action brought by a governmental body may be barred by the contributory negligence of an officer, agent, or servant of such body in the performance of a governmental function. Baraboo v. Excelsior Creamery Co., 171 Wis. 242, 177 N. W. 36; Marinette v. Goodrich Transit Co., 153 Wis. 92; 140 N. W. 1094; Dept. of Highways v. Fogelman, 210 La. 375; 27 So. (2d) 155; People v. Lang Transp. Corp., 43 Cal. App. (2d) 134; 110 P. (2d) 464; Annotation, 1 A. L. R (2d) 827.
The contrary result has been reached in some cases. (Patterson v. Erie Ry Co., 78 N. J. Law 592; 75 Atl. 922; Miller v. Layton, 133 N. J. L. 323; 44 Atl. (2d) 177; Milwaukee v. Mayer, 204 Wis. 350; 235 N. W. 768; see Columbus R. Co. v. Columbus, 29 Ga. App. 8; 113 S. E. 243). However, in each of those cases, the court mechanically applied to actions in which cities were plaintiffs, language which had been used to justify or rationalize the rule of non-liability in actions brought against municipalities, without discussing the fundamental question whether the same or comparable considerations of public policy are present in actions brought by rather than against municipalities. We think those cases represent an unwise and undesirable extension of the basic rule of municipality non-liability, and we are not disposed to follow them. Report dismissed.